UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| **BROOKE STAPLES,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:15-CV-127-JVB-SLC |
| **BAYER HEALTHCARE** | ) | |
| **PHARMACEUTICALS, INC.,** | ) | |
| **BAYER PHARMA AG, and** | ) | |
| **BAYER OY,** | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION and ORDER**

Plaintiff Brooke Staples filed a complaint against Defendants on May 21, 2015, alleging that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (DE 1). The complaint recites that Plaintiff is a citizen of Indiana and that Defendant Bayer Healthcare Pharmaceuticals, Inc., is a Delaware corporation with its principal place of business in New Jersey. (DE 1 at ¶¶ 1, 2). The complaint further alleges that "[u]pon information and belief," Defendant Bayer Pharma AG is "a global pharmaceutical corporation organized under the laws of Germany." (DE 1 at ¶ 6). Finally, the complaint recites that "[u]pon information and belief, Defendant Bayer Oy is organized and exists under the laws of Finland and is headquartered at . . . Finland." (DE 1 at ¶ 12).

These jurisdictional allegations are inadequate with respect to Defendants Bayer Pharma AG and Bayer Oy. To begin, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No.

04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World, LLC*, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003).

Furthermore, as to Bayer Pharma AG, "a foreign or alien corporation[] is treated the same as a domestic corporation for diversity purposes, and is considered a citizen both of its country of incorporation and the state or foreign country in which its principal place of business is located." *Ashenden v. Lloyd's of London*, 934 F. Supp. 992, 999 (N.D. Ill. 1996) (citing *Rouhi v. Harza Eng'g Co.*, 785 F. Supp. 1290, 1292 (N.D. Ill. 1992)); *see also MAS Capital, Inc. v. Biodelivery Scis. Int'l, Inc.*, 524 F.3d 831, 833 (7th Cir. 2008); *Bou-Matic, LLC v. R.J. Fullwood & Bland, Ltd.*, No. 08-cv-441, 2008 WL 4691831, at *1-2 (W.D. Wis. Oct. 22, 2008). Here, however, the complaint fails to allege the location of Bayer Pharma AG's principal place of business.

Finally, the complaint does not allege Bayer Oy's organizational form. This information is important because for purposes of establishing diversity jurisdiction, the citizenship of a corporation is different from that of a limited liability company or partnership. Corporations "are deemed to be citizens of the state in which they are incorporated and the state in which they have their principal place of business." *N. Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990) (citing 28 U.S.C. § 1332(c)(1)). Conversely, a limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members," *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998), and "both general and limited partnerships are citizens of every jurisdiction of which any partner is a citizen," *Ind. Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 316 (7th Cir. 1998).

Therefore, if Bayer Oy is a limited liability company or partnership, the Court must be

advised of the identity of each of its members or partners, and such member's or partner's citizenship. *See Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006); *see generally Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (explaining that the court would "need to know the name and citizenship(s)" of each partner for diversity jurisdiction purposes). Moreover, citizenship must be "traced through multiple levels" for those members or partners who are a limited liability company or partnership, as anything less can result in a dismissal for want of jurisdiction. *Mut. Assignment & Indemnification Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

As the party seeking to invoke federal diversity jurisdiction, Plaintiff bears the burden of demonstrating that the requirement of complete diversity has been met. *Chase v. Shop'n Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Therefore, Plaintiff is ORDERED to supplement the record on or before June 11, 2015, by filing an amended complaint that adequately alleges the citizenship of each party.

SO ORDERED.

Enter for this 28th day of May, 2015.

                                            s/ Susan Collins
                                            Susan Collins,
                                            United States Magistrate Judge